[Cite as *State v. Kirkpatrick*, 2011-Ohio-4528.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

       Plaintiff-Appellee

-vs-


CHRISTOPHER A. KIRKPATRICK

       Defendant-Appellant

| | |
|:--|:--|
| : | JUDGES: |
| : | W. Scott Gwin, P.J. |
| : | John W. Wise, J. |
| : | Julie A. Edwards, J. |
| : | |
| : | Case No. 10-CA-109 |
| : | |
| : | |
| : | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from Licking County
Court of Common Pleas Case No.
02-CR-009

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       September 6, 2011

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

KENNETH W. OSWALT       ERIC BREHM
Licking County Prosecutor       604 E. Rich Street, Suite 2100
      Columbus, Ohio 43215

BY: TRACY F. VAN WINKLE
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Edwards, J.*

{¶1} Appellant, Christopher Kirkpatrick, appeals a judgment of the Licking County Common Pleas Court resentencing him to five consecutive terms of incarceration of three years and notifying him that upon his release he will be subject to a mandatory term of postrelease control (PRC) of five years. Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} Appellant pleaded guilty to five counts of sexual battery (R.C. 2907.03(A)(5)) in 2002. On February 25, 2002, he was sentenced to five consecutive terms of three years incarceration. Following a hearing, he was found to be a sexual predator. Counsel for appellant filed an Anders brief with this Court, and we affirmed the decision of the trial court. *State v. Kirkpatrick*, Licking App. No. 02-CA-25, 2003-Ohio-1192.

{¶3} On June 7, 2010, appellant filed a motion to impose a valid sentence. On June 21, 2010, the State moved to resentence appellant to add the mandatory term of five years PRC.

{¶4} The case came before the trial court on August 3, 2010, for a resentencing hearing. The trial court found appellant's previously imposed sentence to be void and ordered a new presentence investigation.

{¶5} The case again came before the court for a hearing on September 3, 2010. The State asked the court to reimpose the original sentence, plus the mandatory term of PRC. Appellant's counsel offered evidence in mitigation of sentence and appellant spoke in allocution. Following the hearing, the court imposed the original sentence, adding the term of five years PRC.

{¶6} Appellant assigns three errors on appeal:

{¶7} "I. THE TRIAL COURT DID ERR BY LABELING THE APPELLANT AS A SEXUAL PREDATOR WITHOUT CONDUCTING A HEARING.

{¶8} "II. THE TRIAL COURT DID ERR BY IMPOSING A SENTENCE THAT IS NOT CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.

{¶9} "III. THE TRIAL COURT DID ERR BY IMPOSING CONSECUTIVE SENTENCES."

I, II, III

{¶10} We address all three assignments of error together.

{¶11} In *State v. Singleton,* 124 Ohio St.3d 173, 920 N.E.2d 958, 2009–Ohio–6434, the Supreme Court of Ohio held the following at paragraph one of the syllabus:

{¶12} "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

{¶13} In this case, appellant was sentenced prior to July 11, 2006 and was not properly informed of postrelease control; therefore, pursuant to *Singleton,* he was entitled to a de novo hearing. However, in *State v. Fischer,* 128 Ohio St.3d 92, 942

N.E.2d 332, 2010–Ohio–6238, the Supreme Court of Ohio limited the nature of the de novo hearing:

{¶14} "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶15} "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, syllabus, modified.)

{¶16} "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶17} "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶18} As stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing "is limited to proper imposition of postrelease control." None of appellant's assignments of error relate to the imposition of postrelease control and they are therefore barred by res judicata pursuant to *Fischer*. Pursuant to *Fischer*, which was decided by the Ohio Supreme Court after the trial court's resentencing hearing in the instant case, the trial court erred in conducting a new sentencing hearing on the entire sentence rather than only the void portion of the sentence concerning PRC. However, any error is harmless as the trial court imposed the same sentence as appellant originally received in 2002.

{¶19} Appellant's first, second and third assignments of error are overruled.

{¶20} The judgment of the Licking County Common Pleas Court is affirmed.


By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0629


IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTOPHER A. KIRKPATRICK | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-109 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES