[Cite as *State v. Fields*, 2011-Ohio-5513.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE STATE OF OHIO,

      Plaintiff-Appellee,

-vs-

GERALD D. FIELDS,

      Defendant-Appellant.

JUDGES:
Hon. John W. Wise, P.J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. CT2011-0030

O P I N I O N


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. CR2009-0166


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 26, 2011


APPEARANCES:

For Plaintiff-Appellee

ROBERT L. SMITH
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio 43701

For Defendant-Appellant

GERALD FIELDS, PRO SE
MARION CORRECTIONAL INSTITUTION
Post Office Box 57
Marion, Ohio 43302

*Wise, P. J.*

{¶ 1}  Defendant-Appellant Gerald D. Fields appeals the June 29, 2011, denial of his Petition for post-conviction relief entered in the Muskingum County Court of Common Pleas.

{¶ 2}  Plaintiff-Appellee is the State of Ohio.

{¶ 3}  This case comes to us on the accelerated calendar.  App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶ 4}  "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

{¶ 5}  This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE CASE AND FACTS

{¶ 6}  On August 6, 2009, an informant working for the Zanesville Police Department purchased crack cocaine from Appellant in a Bob Evans parking lot in Zanesville, Ohio.  Prior to the purchase, police officers observed Appellant leave his residence and drive to the scene in a 1990 Cadillac.  Immediately after the transaction, officers conducted a traffic stop and recovered the cash used by the informant to purchase the drugs from Appellant.

{¶ 7} The Muskingum County Grand Jury indicted appellant on 13 drug offenses, with the August 6, 2009, controlled buy constituting the first two counts of the indictment.

{¶ 8} On September 28 and 29, 2009, Appellant filed a number of motions, including a motion for continuance.

{¶ 9} On October 6, 2009, the trial court held an oral hearing on all pending motions. The trial court denied Appellant's motion for continuance.

{¶ 10} On October 13, 2009, Appellant entered pleas of guilty to Counts One and Two of the indictment, trafficking in crack cocaine and permitting drug abuse, and to the forfeiture specification attached to the first count. The state nolled the remaining 11 counts of the indictment. Appellant was sentenced to 8 years incarceration for trafficking in cocaine and 12 months in prison for permitting drug abuse, to be served consecutively.

{¶ 11} Appellant appealed to this Court, raising eight assignments of error.

{¶ 12} By Opinion dated December 15, 2010, this Court affirmed Appellant's conviction.

{¶ 13} On April 19, 2011, Appellant filed a Motion for Postconviction Relief.

{¶ 14} By Judgment Entry filed April 21, 2011, the trial court denied Appellant's motion.

{¶ 15} On June 21, 2011, Appellant filed a Petition to Vacate or Set Aside Conviction or Sentence.

{¶ 16} On June 23, 2011, Appellant filed a Motion to Amend Petition for Post Conviction.

**{¶ 17}** By separate Entries dates June 29, 2011, the trial court denied Appellant's motions.

**{¶ 18}** Appellant now appeals, assigning the following error for review:

<u>**ASSIGNMENT OF ERROR**</u>

**{¶ 19}** "I. TRIAL COURT ABUSED THEIR DISCRETION BY DENYING EVIDENT [SIC] HEARING."

**I.**

**{¶ 20}** In his sole assignment of error, Appellant claims that the trial court erred and abused its discretion in not holding an evidentiary hearing on his petition for post-conviction relief. We disagree.

**{¶ 21}** R.C. §2953.21(A) states, in part, as follows:

**{¶ 22}** "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

**{¶ 23}** Pursuant to R.C. §2953.21(A)(2), a petition for post-conviction relief "… shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date

on which the trial transcript is filed in the Supreme Court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

**{¶ 24}** "A petition for postconviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Perry,* 5th Dist. No. 2010CA00185, 2011–Ohio–274, ¶ 12, citing *State v. Murphy* (Dec. 26, 2000), Franklin App. No. 00AP–233. "Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." *Id.,* citing *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 1999–Ohio–102; *State v. Steffen* (1994), 70 Ohio St.3d 399, 410, 693 N.E.2d 67, 1994–Ohio–111. "A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition." *Id.,* citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819; *State v. Lewis,* Stark App. No. 2007CA00358, 2008–Ohio–3113 at ¶ 8. A court need not issue findings of fact and conclusions of law when it dismisses an untimely petition or successive petitions for postconviction relief. *State ex rel. Kimbrough v. Greene,* 98 Ohio St.3d 116, 2002–Ohio–7042, 781 N.E.2d 155; *State ex rel. Fuller v. Sutula* (1999), 86 Ohio St.3d 301, 714 N.E.2d 924.

**{¶ 25}** As an initial matter, we must examine the trial court's ability to review the Appellant's petition for post-conviction relief.

{¶ 26} In the instant case, Appellant filed a direct appeal from his sentence and conviction on December 18, 2009. The trial transcript in this matter was filed on March 8, 2010. Appellant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence was not filed until June 21, 2011, well past the time set forth in R.C. §2953.21(A)(2).

{¶ 27} As Appellant's petition for post-conviction relief was filed beyond the time requirement in R.C. §2953.21(A)(2), we must look to R.C. §2953.23(A)(1) to determine if the trial court could consider Appellant's petition for post-conviction relief.

{¶ 28} The statute provides, in pertinent part:

{¶ 29} " * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶ 30} "(1) Both of the following apply:

{¶ 31} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶ 32} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a

sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence."

{¶ 33} Appellant, in his petition, claims "newly discovered evidence". A review of such Petition reveals that Appellant's claims are those of innocence, ineffective counsel and police entrapment. Appellant attached statements from three people who claim to be witnesses and his own affidavit to his petition.

{¶ 34} Upon review, we find that Appellant has failed to allege, in his petition or this appeal, any facts in support of why any of the information included in his petition was not known to him or otherwise available to him prior to his entering pleas of guilty in this case.

{¶ 35} Accordingly, we find the trial court did not abuse its discretion in denying Appellant's petition without an evidentiary hearing.

{¶ 36} Accordingly, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| GERALD D. FIELDS | : | |
| | : | |
| Defendant-Appellant | : | Case No. CT2011-0030 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES