[Cite as *State v. Hickman*, 2012-Ohio-2182.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11-CA-54 |
| MARCUS HICKMAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Common
Pleas Court, Case No. 2008-CR-115


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 11, 2012


APPEARANCES:


For Plaintiff-Appellee        For Defendant-Appellant


GREGG MARX        MARCUS HICKMAN, PRO SE
Prosecuting Attorney        Inmate # 598-815
JOCELYN S. KELLY        Ross Correctional Institution
Assistant Prosecuting Attorney        P.O. Box 7010
Fairfield County, Ohio        Chillicothe, Ohio 45601
239 W. Main St., Ste. 101
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Marcus T. Hickman appeals the July 26, 2011 Judgment Entry entered by the Fairfield County Court of Common Pleas denying his motion for resentencing. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On the evening of March 30, 2008, Donna Wade was walking in a residential area to meet a female friend, Dreama Azbell. Upon meeting Dreama, the two were approached by a white male, later to be identified as Dreama's brother, Tim Azbell. Both Tim and Dreama Azbell held Donna Wade at gunpoint. A black male then exited a parked, red Chevy Blazer and forced Donna Wade into the back seat of the Blazer. Wade was seated directly behind the black male, who drove the vehicle around town for a short period of time. The black male then stopped the vehicle, forced Wade out of the vehicle, and proceeded to shoot her in the neck.

{¶3} Donna Wade survived the shooting, and was transported to an area hospital. At the hospital, investigating officers from the Lancaster Police Department presented Wade with a photo array of six black males. Donna Wade identified Appellant from the photo array as the man who shot her in the neck.

{¶4} The Fairfield County Grand Jury indicted Appellant on attempted murder, felonious assault, kidnapping, aggravated robbery and tampering with evidence. On July 2, 2008, Appellant filed a motion to suppress the identification from the photo lineup. Via Judgment Entry of October 7, 2008, the trial court overruled the motion to suppress. Appellant subsequently entered a plea of no contest to the charges pursuant to a negotiated plea agreement.

{¶5} On March 6, 2009, the trial court sentenced Appellant to a combined twenty-six year prison term, with no possibility of judicial release.

{¶6} Appellant filed a direct appeal to this Court, arguing the trial court erred in overruling his motion to suppress. In *State v. Hickman*, September 14, 2009, Fairfield 09-CA-15, 2009-Ohio-4911, this Court affirmed the holding of the trial court finding Appellant could not demonstrate prejudice as result of the trial court's denial of his motion to suppress because by pleading no contest, he waived the right to challenge his identification at trial.

{¶7} On June 13, 2011, Appellant filed a motion to vacate and correct a void sentence. The State filed a memorandum contra the motion on June 29, 2011. Via Journal Entry of July 26, 2011, the trial court overruled the motion to vacate and correct Appellant's sentence. The July 26, 2011 Entry was sent to Appellant at Warren Correctional Institution.

{¶8} On October 13, 2011, Appellant filed a motion for delayed appeal asserting he was transferred from Warren Correctional Institution to Ross Correctional Institution, and, as a result, his mail was delayed, and he did not receive the judgment entry denying the motion to vacate and correct until after the date for which the filing of a timely appeal had passed. This Court granted the motion for delayed appeal.

{¶9} Appellant now appeals, assigning as error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR RESENTENCING TO MERGE ALLIED OFFENSES OF SIMILAR IMPORT BECAUSE "THE COURT HAD THE BENEFIT OF A SUPPRESSION HEARING IN THIS CASE.""

**{¶11}** In the sole assignment of error, Appellant asserts the trial court erred in imposing prison sentences on allied offenses. Appellant cites the Ohio Supreme Court decision in *State v. Johnson,* 128 Ohio St.3d 153, (2010). In *Johnson*, the Supreme Court held:

**{¶12}** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

**{¶13}** "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

**{¶14}** "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

**{¶15}** "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed

separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

**{¶16}** As set forth in the Statement of the Facts and Case, supra, Appellant's direct appeal to this Court was affirmed via Opinion and Judgment Entry of September 14, 2009. The issues raised herein were capable of being raised on direct appeal; therefore, barred by res judicata.

**{¶17}** Further, Appellant's conviction and sentence were final prior to the Ohio Supreme Court's holding in *Johnson*, supra, which does not apply retroactively. A new judicial ruling may be applied only to cases pending on the announcement date. *State v. Parson,* 2nd Dist. No. 24641*,* 2012-Ohio-730. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. *Ali v. State,* 104 Ohio St.3d 328, 2004-Ohio-6592. Accordingly, Appellant's arguments are barred by res judicata as they were capable of being raised on direct appeal, and his reliance on *Johnson* is misplaced as his conviction and sentence were already final prior to the date the Supreme Court pronounced its holding therein.

**{¶18}** The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                 :
                                             :
    Plaintiff-Appellee                       :
                                             :
-vs-                                         :          JUDGMENT ENTRY
                                             :
MARCUS HICKMAN                               :
                                             :
    Defendant-Appellant                      :          Case No. 11-CA-54


For the reasons stated in our accompanying Opinion, the judgment of the

Fairfield County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS