[Cite as *State v. Fields*, 2012-Ohio-6086.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Consolidated Case Nos. |
| | | CT 12-0028 & CT 12-0030 |
| GERALD D. FIELDS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2009-0166


JUDGMENT:                     AFFIRMED


DATE OF JUDGMENT ENTRY:     December 18, 2012


APPEARANCES:

For Appellant:                                For Appellee:

DAVID A. SAMS                           RONALD L. WELCH
Box 40                                      Assistant Prosecuting Attorney
West Jefferson, OH 43162         27 N. 5th Street, Suite 201
                                           P.O. Box 189
                                           Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Gerald D. Fields appeals from the April 24 and May 9, 2012 judgment entries of the Muskingum County Court of Common Pleas overruling his motion to withdraw plea, resentencing him, and correctly advising him of postrelease control. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} This case arose on August 6, 2009, when appellant sold crack cocaine to a confidential informant in the parking lot of the Bob Evans restaurant on Underwood Street in Zanesville, Ohio. Appellant drove a 1990 Cadillac during the transaction.

{¶3} Appellant was charged by indictment with 13 criminal counts, and all but two were dismissed by appellee in exchange for appellant's guilty pleas. Appellant ultimately entered pleas of guilty to one count of trafficking in crack cocaine in an amount greater than or equal to 10 grams but less than 25 grams in violation of R.C. 2925.03(A)(1), a felony of the second degree; this offense included a forfeiture specification pursuant to R.C. 2941.1417. Appellant also entered a guilty plea to one count of permitting drug abuse pursuant to R.C. 2925.13(A), a felony of the fifth degree.

{¶4} Appellant waived his rights and entered pleas of guilty before the trial court on October 13, 2009. On the record at the plea hearing, the trial court advised appellant he was subject to postrelease control for "up to three years."

{¶5} On November 9, 2009, appellant was sentenced to an aggregate prison term of 9 years.

{¶6} Appellant directly appealed from his conviction and sentence and we affirmed both in *State v. Fields*, 5th Dist. No. CT2009-0057, 2010-Ohio-6233, appeal not allowed, 128 Ohio St.3d 1459, 2011-Ohio-1829, 945 N.E.2d 523 [*Fields I*]. Appellant argued, e.g., his plea was not knowing, voluntary, and intelligent because the trial court advised him he could receive "up to" three years of post-release control instead of a mandatory term of three years post-release control. We overruled appellant's arguments because although the trial court misstated the term of post-release control during the plea colloquy, the 3-year mandatory term was correctly stated in the written plea form signed and acknowledged by appellant. We held, therefore, the trial court substantially complied with Crim.R. 11 regarding the duration of post-release control. *Fields I*, supra, 2010-Ohio-6233 at ¶ 20.

{¶7} On April 19, 2011, appellant filed a Motion for Post-conviction Relief which was denied on April 21, 2011. On June 21, 2011, appellant filed a Motion to Vacate or Set Aside Conviction or Sentence, and a motion to amend same on June 23, 2011, which were denied on June 23, 2011. We again affirmed the trial court's judgment in *State v. Fields*, 5th Dist. No. CT2011-0030, 2011-Ohio-5513 [*Fields II*].

{¶8} On July 19, 2011, appellant filed a motion for sentence modification claiming his sentence should be reduced pursuant to H.B. No. 86 due to the bill's elimination of the distinction between crack and powder cocaine. The trial court denied the motion and we again affirmed the judgment of the trial court in *State v. Fields*, 5th Dist. No. CT11-0037, 2011-Ohio-6044, appeal not allowed, 131 Ohio St.3d 1472, 2012-Ohio-896, 962 N.E.2d 804 [*Fields III*].

{¶9}   On March 5, 2012, appellant filed a Motion to Withdraw Plea which was denied by the trial court on April 24, 2012.

{¶10} On May 7, 2012, the trial court resentenced appellant solely for the purpose of advising appellant he was subject to a 3-year mandatory term of postrelease control.

{¶11} Appellant filed two appeals, one from the judgment entry denying his motion to withdraw his guilty plea and one from the judgment entry of resentencing. We consolidated both appeals herein.

{¶12} Appellant raises two Assignments of Error:

{¶13} "I.   THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS WHEN THE TRIAL COURT OVERRULED HIS MOTION TO WITHDRAW HIS PLEA."

{¶14} "II.   THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS WHEN THE TRIAL COURT RESENTENCED HIM TO A MANDATORY TERM OF POST-RELEASE CONTROL WITHOUT AFFORDING HIM A DE NOVO HEARING UNDER HB 86."

I.

{¶15} In his first assignment of error, appellant argues the trial court violated his state and federal due process rights when it denied his motion to withdraw his guilty pleas because he was improperly advised of postrelease control in his original plea colloquy on October 13, 2009.  We disagree.

{¶16} Appellant's March 5, 2012 "Motion for Leave to Withdraw Guilty Plea" asserts his plea must be vacated because the trial court improperly advised him of a period of post-release control of "up to three years" at his original plea hearing on October 13, 2009.  Appellant had the opportunity to litigate this claim in his original direct appeal; his most recent round of argument is therefore barred under the doctrine of res judicata.  *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal*.*  Id.  "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw guilty plea that were or could have been raised on appeal.  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citations omitted. In *Fields I*, we found the sentencing entry was neither illegal nor void because the trial court completely explained the consequences of a violation of the terms of post-release control, and appellant failed to demonstrate he would not have entered a plea of guilty but for the statement at the sentencing hearing.  *State v. Fields*, supra, 2010-Ohio-6233 at ¶ 31.  The trial court thus properly overruled appellant's motion on the basis of res judicata.

{¶17} Moreover, we note appellant was resentenced on May 7, 2012, and properly advised of the mandatory 3-year period of postrelease control.

{¶18}  Accordingly, appellant's first assignment of error is overruled.

II.

{¶19} In his second assignment of error, appellant argues he was entitled to a de novo sentencing hearing.  We disagree.

{¶20} In *State v. Fischer*, the Ohio Supreme Court held the new sentencing hearing to which an offender is entitled under *Bezak* [114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961] is limited to proper imposition of postrelease control.  128 Ohio St.3d 92, 99, 2010-Ohio-6238, 942 N.E.2d 332.  Appellant contends, however, that he was resentenced before *Fischer* was decided and we should therefore apply the reasoning of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, which would require the trial court to hold a de novo sentencing hearing.  We explicitly rejected a similar argument in *State v. Kirkpatrick*, 5th Dist. No. 10-CA-109, 2011-Ohio-4528.

{¶21} Other appellate courts have agreed *Singleton* has been effectively overruled by *Fischer*, which "abrogates the offender's entitlement to a de novo sentencing hearing."  *State v. Sanders*, 11th Dist. No. 2011-P-0088, ¶ 15, citing *State v. Pesci*, 11th Dist. No.2011–L–096, 2012–Ohio–3743, ¶ 9–11; *State v. Reid*, 2nd Dist. No. 24841, 2012–Ohio–2666, ¶ 21; *State v. Bunting*, 5th Dist. Nos.2011 CA00112, 00130, and 00131, 2012–Ohio–445, ¶ 19–20; and *State v. Deaver*, 4th Dist. No. 10CA7, 2011–Ohio–1393, ¶ 6–9.

{¶22} We conclude, therefore, appellant is subject to *Fischer* and the trial court did not err in resentencing him for the limited purpose of correctly advising him of the mandatory 3-year term of postrelease control. Appellant's second assignment of error is overruled.

{¶23} Having overruled both of appellant's assignments of error, we therefore affirm the judgments of the Muskingum County Court of Common Pleas.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

PAD:kgb

[Cite as *State v. Fields*, 2012-Ohio-6086.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GERALD D. FIELDS | : | |
| | : | |
| | : | Consolidated Case Nos. |
| | | CT 12-0028 & CT 12-0030 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgments of the Muskingum County Court of Common Pleas are affirmed. Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE