[Cite as *State v. Lumpkin*, 2013-Ohio-3105.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 12-CA-83 |
| TROY LUMPKIN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
                            Common Pleas, Case No. 09CR143


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     July 15, 2013


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


KENNETH W. OSWALT                     WILLIAM T. CRAMER
LICKING COUNTY PROSECUTOR             470 Olde Worthington Road, Suite 200
                                      Westerville, Ohio 43082
BY: JUSTIN T. RADIC
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}  Defendant-appellant Troy Lumpkin appeals the judgment entered by the Licking County Court of Common Pleas denying his motion for an allied-offense analysis.  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2}  Appellant was convicted of trafficking in crack cocaine in the vicinity of a juvenile, in violation of R.C. 2925.03(A)(1)(C)(4)(c); trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(c); possession of crack cocaine, in violation of R.C. 2925.11(A)(C)(4)(c); possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1); possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(a); having weapons under disability, in violation of R.C. 2923.13(A)(3); two firearm specifications, in violation of R.C. 2929.14(D) & R.C. 2941.141; and three forfeiture specifications, in violation of R.C. 2941.1417 & R.C. 2981.02. He was sentenced to 14 1/2 years of incarceration.

{¶3}  Appellant filed a direct appeal from his conviction.  On June 28, 2010, this Court affirmed Appellant's conviction in *State v. Lumpkin*, 5th Dist. No. 2009CA00109, 2010-Ohio-3124.

{¶4}  The Ohio Supreme Court denied Appellant's motion for a delayed appeal.

{¶5}  On May 18, 2012, this Court dismissed Appellant's appeal from the trial court's denial of a request for a merger hearing.  *State v. Lumpkin*, 5th Dist. No. 12CA0013.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶6} On October 2, 2012, the trial court conducted a resentencing hearing limited to the proper imposition of post-release control.

{¶7} Appellant now appeals, assigning as error:

{¶8} "I. APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND PROTECTIONS FROM DOUBLE JEOPARDY WERE VIOLATED WHEN THE COURT IMPOSED MULTIPLE SENTENCES FOR ALLIED OFFENSES IN VIOLATION OF R.C. 2941.25."

I.

{¶9} In the sole assignment of error, Appellant maintains the trial court erred in imposing multiple sentences for allied offenses in violation of R.C. 2941.25. Appellant relies upon the Ohio Supreme Court decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶10} As set forth in the statement of the case, supra, the October 2, 2012 sentencing hearing was limited to the proper imposition of post-release control. Further, Appellant's conviction was affirmed on direct appeal to this Court on June 28, 2010. On May 18, 2012, this Court dismissed Appellant's appeal of the trial court's denial of a request for merger in *State v. Lumpkin,* 5th Dist. 12CA0013.

{¶11} Based upon the above, Appellant's conviction and sentence were final on June 28, 2010. The Ohio Supreme Court's holding in *Johnson*, supra, does not apply retroactively. See, *State v. Holliday*, 5th Dist. No. 11CAA110104, 2012-Ohio-2376; *State v. Hickman*, 5th Dist. 11CA54, 2012-Ohio-2182 citing *State v. Parson,* 2nd Dist. 24641, 2012–Ohio–730. A new judicial ruling may be applied only to cases pending on the announcement date. *State v. Parson,* 2nd Dist. No. 24641, 2012–Ohio–730. The

new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. *Ali v. State,* 104 Ohio St.3d 328, 2004–Ohio–6592. Accordingly, Appellant's arguments are barred by res judicata as they were capable of being raised on direct appeal, and his reliance on *Johnson* is misplaced as his conviction and sentence were already final prior to the date the Supreme Court pronounced its holding therein.

{¶12} Appellant's sole assignment of error is overruled.

{¶13} The judgment of the Licking Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee               :
                                       :
-vs-                                   :              JUDGMENT ENTRY
                                       :
TROY LUMPKIN                           :
                                       :
    Defendant-Appellant              :              Case No. 12-CA-83


    For the reason stated in our accompanying Opinion,   the judgment of the Licking

Court of Common Pleas is affirmed.  Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN