[Cite as *State v. Fields*, 2013-Ohio-5288.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| GERALD FIELDS | : | Case No. CT2013-0027 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2009-0166


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      December 2, 2013


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

D. MICHAEL HADDOX      GERALD FIELDS (# 617-709)
Prosecuting Attorney      F.M.C.
     P.O. Box 23658
By: ROBERT L. SMITH      1800 Harmon Avenue
27 North Fifth Street      Columbus, OH 43223
Zanesville, OH 43701

*Baldwin, J.*

{¶1}    Defendant-appellant Gerald Fields appeals from May 17, 2013 Journal Entry of the Muskingum County Court of Common Pleas denying his Motion for Sentencing and a Revised Judgment of Conviction and Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    This case arose on August 6, 2009, when appellant sold crack cocaine to a confidential informant in the parking lot of the Bob Evans restaurant on Underwood Street in Zanesville, Ohio.

{¶3}    Appellant was charged by indictment with 13 criminal counts, and all but two were dismissed by appellee in exchange for appellant's guilty pleas. Appellant ultimately entered pleas of guilty to one count of trafficking in crack cocaine in an amount greater than or equal to 10 grams but less than 25 grams in violation of R.C. 2925.03(A)(1), a felony of the second degree. This offense included a forfeiture specification pursuant to R.C. 2941.1417. Appellant also entered a guilty plea to one count of permitting drug abuse pursuant to R.C. 2925.13(A), a felony of the fifth degree.

{¶4}    Appellant waived his rights and entered pleas of guilty before the trial court on October 13, 2009. The remaining charges were dismissed. On the record at the plea hearing, the trial court advised appellant he was subject to post release control for "up to three years."

{¶5}    Pursuant to a Sentencing Entry filed on November 18, 2009, appellant was sentenced to an aggregate prison term of 9 years.

{¶6} Appellant directly appealed from his conviction and sentence and we affirmed both in *State v. Fields,* 5th Dist. Muskingum No. CT2009–0057, 2010–Ohio–6233, appeal not allowed, 128 Ohio St.3d 1459, 2011–Ohio–1829, 945 N.E.2d 523 [ *Fields I* ]. Appellant argued that his plea was not knowing, voluntary, and intelligent because the trial court advised him that he could receive "up to" three years of post-release control instead of a mandatory term of three years post-release control. We overruled appellant's arguments because although the trial court misstated the term of post-release control during the plea colloquy, the 3–year mandatory term was correctly stated in the written plea form signed and acknowledged by appellant. We held, therefore, that the trial court substantially complied with Crim.R. 11 regarding the duration of post-release control. *Fields I,* supra, 2010–Ohio–6233 at ¶ 20.

{¶7} On April 19, 2011, appellant filed a Motion for Post-conviction Relief which was denied on April 21, 2011. On June 21, 2011, appellant filed a Motion to Vacate or Set Aside Conviction or Sentence, and a motion to amend same on June 23, 2011, which were denied on June 23, 2011. We again affirmed the trial court's judgment in *State v. Fields,* 5th Dist. Muskingum No. CT2011–0030, 2011–Ohio–5513 [ *Fields II* ].

{¶8} On July 19, 2011, appellant filed a motion for sentence modification claiming his sentence should be reduced pursuant to H.B. No. 86 due to the bill's elimination of the distinction between crack and powder cocaine. The trial court denied the motion and we again affirmed the judgment of the trial court in *State v. Fields,* 5th Dist. Muskingum No. CT11–0037, 2011–Ohio–6044, appeal not allowed, 131 Ohio St.3d 1472, 2012–Ohio–896, 962 N.E.2d 804 [ *Fields III* ].

{¶9}   On March 5, 2012, appellant filed a Motion to Withdraw Plea which was denied by the trial court on April 24, 2012.

{¶10}   On May 7, 2012, the trial court resentenced appellant solely for the purpose of advising appellant that he was subject to a 3–year mandatory term of post release control.

{¶11}   Appellant filed two appeals, one from the Judgment Entry denying his motion to withdraw his guilty plea and one from the Judgment Entry of Resentencing. This Court consolidated both appeals. Appellant, in such appeal, raised the following assignments of error:

{¶12}   "I. THE DEFENDANT–APPELLANT WAS DENIED DUE PROCESS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS WHEN THE TRIAL COURT OVERRULED HIS MOTION TO WITHDRAW HIS PLEA."

{¶13}   "II. THE DEFENDANT–APPELLANT WAS DENIED DUE PROCESS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS WHEN THE TRIAL COURT RESENTENCED HIM TO A MANDATORY TERM OF POST–RELEASE CONTROL WITHOUT AFFORDING HIM A DE NOVO HEARING UNDER HB 86."

{¶14}   Pursuant to an Opinion filed in *State v. Fields*, 5th Dist. Muskingum Nos. CT 12-0028, CT 12-0030, 2012-Ohio-6086, this Court overruled both assignments of error and affirmed the judgments of the trial court.

{¶15}   On February 6, 2013, appellant filed a "Motion for Sentencing pursuant to Criminal Rule 32(B);  Criminal Rule 32(C) ; Revised Code Section 2505.02; and a Revised Judgment of Conviction and Sentence." Appellant, in  such motion, argued that

there was no final, appealable order in his case. Pursuant to a Journal Entry filed on May 17, 2013, the trial court denied appellant's motion.

{¶16} Appellant now raises the following assignment of error on appeal:

{¶17} WHETHER MULTIPLE ENTRIES IMPLICATE A FINAL APPEALABLE ORDER.

I

{¶18} Appellant, in his sole assignment of error, argues that the trial court erred in denying his February 6, 2013 motion because the trial court relied on multiple documents to constitute a final appealable order in violation of *State v. Baker,* 119 Ohio St.3d 197, 2008–Ohio–3330, 893 N.E.2d 163*.* The Ohio Supreme Court, in *Baker*, held that only one document can constitute a final appealable order. Appellant specifically argues that the trial court relied on both the November 18, 2009 Sentencing Entry and the May 9, 2012 Entry and, that, therefore, there is no final appealable order in this case.

{¶19} The trial court, in its May 9, 2012 Entry, resentenced appellant solely on the issue of post release control pursuant to the Ohio Supreme Court's decision in *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254. In *State v. Johnson*, 5th Dist. Delaware No. 12 CAA 08–0050, 2013 -Ohio- 2146, the appellant, who was convicted of one count of trafficking in cocaine, was sentenced to a term of six years in prison. At the time of his sentencing in 2011, the trial court orally imposed a mandatory term of three years of post release control. However, the sentencing entry did not state that the term of post release control was mandatory.

{¶20}   The appellant, in *Johnson*, filed a motion for resentencing. On July 3, 2012, the trial court conducted a "de novo" sentencing hearing to correct the terms of the post release control. In its entry of July 13, 2012, the trial court corrected the term of post release control and restated the original sentence imposed in 2011. Appellant then filed a notice of appeal from the trial court's entry of July 13, 2012.

{¶21}   In our Opinion in such case, this Court stated, in relevant part, as follows: "Shortly after this appeal was initiated, this Court remanded the case to the trial court for the purpose of having the trial court enter an order which complied with *State v. Baker.* Because the order being appealed in this case was an order merely correcting post release control, we should not have remanded the cause to the trial court to comply with *Baker.* The requirements of *Baker* and Crim.R. 32 are limited to the original entry of conviction and sentencing. The Supreme Court has stated that a subsequent hearing to correct a sentence is "restricted to the void portion of the sentence." *State v. Fischer* 128 Ohio St.3d 92, 101, 942 N.E.2d 332, 342 (Ohio,2010). …" Id at paragraph 3.

{¶22}   We concur with appellee that the hearing on May 7, 2012, and the resulting May 9, 2012 Entry, were correctly limited to the proper imposition of post release control. The May 9, 2012 Entry was not the original entry of conviction and sentencing. *Baker*, therefore, was not applicable. Moreover, this Court, in our December 18, 2012 Opinion, ruled that the doctrine of res judicata barred appellant's claims against a valid, final judgment of conviction that could have been raised on direct appeal. We specifically noted that, in a previous Opinion, we had found that the Sentencing Entry was not void, but was valid.  There is, therefore, a valid, final appealable order in this case.

{¶23}   Appellant's sole assignment of error is, therefore, overruled.

{¶24}   Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.

HON. CRAIG R. BALDWIN

HON. W. SCOTT GWIN

HON. SHEILA G. FARMER

CRB/dr

[Cite as *State v. Fields*, 2013-Ohio-5288.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff - Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| GERALD FIELDS | : | |
| Defendant - Appellant | : | CASE NO. CT2013-0027 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER