[Cite as *State v. Fields*, 2014-Ohio-5233.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| GERALD D. FIELDS | : | Case No. CT2014-0025 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Court of Common
                 Pleas, Case No. CR2009-0166


JUDGMENT:         Affirmed


DATE OF JUDGMENT:     November 24, 2014


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

ROBERT L. SMITH        GERALD  D. FIELDS, PRO SE
27 North Fifth Street        #617-709
Zanesville, OH  43701       F.M.C.
                 P.O. Box 23658
                 1800 Harmon Avenue
                 Columbus, OH  43223

*Farmer, J.*

{¶1}    On October 13, 2009, appellant, Gerald Fields, pled guilty to one count of trafficking in drugs in violation of R.C. 2925.03 and one count of permitting drug abuse in violation of R.C. 2925.13.  By journal entry filed November 9, 2009, the trial court sentenced appellant to an aggregate term of nine years in prison.  Appellant's case was affirmed on appeal.  *State v. Fields,* 5th Dist. Muskingum No. CT2009-0057, 2010-Ohio-6233 (*Fields I*).  Appellant's appeal to the Supreme Court of Ohio was not accepted for review.  *State v. Fields,* 128 Ohio St.3d 1459, 2011-Ohio-1829.

{¶2}    On April 19, 2011, appellant filed a motion for postconviction relief which was denied on April 21, 2011.  On June 21, 2011, appellant filed a motion to vacate or set aside conviction or sentence and a motion to amend same on June 23, 2011 which were denied on June 29, 2011.  These decisions were affirmed on appeal.  *State v. Fields,* 5th Dist. Muskingum No. CT2011-0030, 2011-Ohio-5513 (*Fields II*).  Appellant did not file an appeal with the Supreme Court of Ohio.

{¶3}    On July 19, 2011, appellant filed a motion for sentence modification pursuant to H.B. No. 86 which was denied on July 22, 2011.  This decision was affirmed on appeal.  *State v. Fields,* 5th Dist. Muskingum No. CT2011-0037, 2011-Ohio-6044 (*Fields III*).  Appellant's appeal to the Supreme Court of Ohio was not accepted for review.  *State v. Fields,* 131 Ohio St.3d 1472, 2012-Ohio-896.

{¶4}    On March 5, 2012, appellant filed a motion to withdraw plea which was denied on April 24, 2012.  On May 7, 2012, the trial court resentenced appellant solely for the purpose of advising him that he was subject to a three year mandatory term of postrelease control.  These decisions were affirmed on appeal.  *State v. Fields,* 5th Dist.

Muskingum Nos. CT 12-0028 and CT 12-0030, 2012-Ohio-6086 (*Fields IV*). Appellant's appeal to the Supreme Court of Ohio was not accepted for review. *State v. Fields,* 134 Ohio St.3d 1509, 2013-Ohio-1123.

{¶5} On February 6, 2013, appellant filed a motion for sentencing pursuant to Crim.R. 32(B); Crim.R. 32(C); R.C. 2505.02; and a revised judgment of conviction and sentence which was denied on May 17, 2013. This decision was affirmed on appeal. *State v. Fields,* 5th Dist. Muskingum No. CT2013-0027, 2013-Ohio-5288 (*Fields V*). Appellant's appeal to the Supreme Court of Ohio was not accepted for review. *State v. Fields,* 138 Ohio St.3d 1468, 2014-Ohio-1674.

{¶6} On August 26, 2013, appellant filed a motion for allied offense determination which was denied on April 7, 2014.

{¶7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶8} "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN 'RESENTENCING PROCEEDINGS' BY NOT COMPLYING WITH REQUIREMENTS OF: O.R.C. § 2929.191, AND NOT ISSUING AND RECORDING A CORRECTION OF THE FORMER JUDGMENT OF CONVICTION 'NUNC PRO TUNC'."

II

{¶9} "WHETHER FIFTH AMENDMENT "DOUBLE JEOPARDY PROTECTIONS" ARE SUBJECT TO 'WAIVER' BY NON-COMPLIANCE OF THE TRIAL COURT TO ISSUED UPON REQUIRED 'ALLIED OFFENSE DETERMINATION PROCEDURES,' AND WHETHER THE CONFLICTED STATUTES [O.R.C. §

2941.25(A)] AND [O.R.C. § 2929.19(B)(1)] CREATE AN IRRECONCILABLE CONSTITUTIONAL IMPERATIVE AS A MATTER OF LAW REQUIRING THE LATTER TO BE STRUCK DOWN AS UNCONSTITUTIONAL."

I

{¶10} Appellant claims the trial court erred in resentencing him. We disagree.

{¶11} Appellant argues in his brief at 5-6 that the trial court "did not prepare and issue a correction to the judgment of conviction, and it did not place 'upon the journal of the court an entry nunc pro tunc to record the correction of the judgment of conviction,' as required in unmistakable mandatory language by: O.R.C. § 2929.191(A)(2)." Appellant also argues in his brief at 6 that "there is no final appealable order" because of "multiple entries."

{¶12} The May 7, 2012 resentencing was reviewed and affirmed on appeal in both *Fields IV* and *V.*

{¶13} In *Fields IV*, appellant argued he should have been afforded a de novo hearing on resentencing. This court disagreed, finding at ¶ 22, "appellant is subject to *Fischer* [*State v.,* 128 Ohio St.3d 92, 2010-Ohio-6238] and the trial court did not err in resentencing him for the limited purpose of correctly advising him of the mandatory 3-year term of postrelease control."

{¶14} In *Fields V*, appellant argued multiple entries did not create a finable appealable order. This court disagreed, finding at ¶ 22 that the sentencing entry resulting from the May 7, 2012 resentencing was "a valid, final appealable order in this case," and once again noting the May 7, 2012 resentencing hearing was, "correctly limited to the proper imposition of post release control."

{¶15} We find appellant's arguments herein are barred under the law of the case doctrine:

> Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.
>
> The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. (Citations omitted.)

*Nolan v. Nolan,* 11 Ohio St.3d 1, 3 (1984).

{¶16} Assignment of Error I is denied.

II

{¶17} Appellant claims he was subject to double jeopardy because the trial court erred in failing to make a determination on allied offenses. We disagree.

{¶18} This issue was reviewed in *Fields I* under Assignment of Error V and denied. *Nolan, supra.*

{¶19} Furthermore, appellant's conviction and sentence were final on December 15, 2010 (*Fields I*). Any argument relative to allied offenses pursuant to *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, decided December 29, 2010, is misplaced as explained by this court in *State v. Lumpkin,* 5th Dist. Licking No. 12-CA-83, 2013-Ohio-3105, ¶ 11:

> The Ohio Supreme Court's holding in *Johnson,* supra, does not apply retroactively. See, *State v. Holliday,* 5th Dist. No. 11 CAA110104, 2012-Ohio-2376; *State v. Hickman,* 5th Dist. 11 CA54, 2012-Ohio-2182 citing *State v. Parson,* 2nd Dist. 24641, 2012-Ohio-730. A new judicial ruling may be applied only to cases pending on the announcement date. *State v. Parson,* 2nd Dist. No. 24641, 2012-Ohio-730. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. *Ali v. State,* 104 Ohio St.3d 328, 2004-Ohio-6592. Accordingly,***his reliance on *Johnson* is misplaced as his conviction and sentence were already final prior to the date the Supreme Court pronounced its holding therein.

{¶20} Assignment of Error II is denied.

{¶21} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 1112