[Cite as *State v. Parson*, 2012-Ohio-730.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| STATE OF OHIO | | |
|     Plaintiff-Appellee | : | C.A. CASE NO. 24641 |
| vs. | : | T.C. CASE NO. 01 CR 546 |
| | : | (Criminal Appeal from |
| JAMES T. PARSON | | Common Pleas Court) |
|     Defendant-Appellant | : | |

. . . . . . . . .

O P I N I O N

Rendered on the 24th day of February, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Prosecuting Attorney, Carley J. Ingram, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, OH 45422
    Attorneys for Plaintiff-Appellee

James T. Parson, #445-040, London Correctional Institution, P.O. Box 69, London, OH 43140
    Defendant-Appellant, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, James T. Parson, appeals from a final order denying his "Motion to Correct Void Judgment or Sentence."

{¶ 2} On March 9, 2005, Defendant pled guilty to three counts of felonious assault

and one count of kidnapping. Defendant was sentenced to four years imprisonment on each of the felonious assault counts, to be served concurrently, and to eight years imprisonment on the kidnapping count, to be served consecutive to the felonious assault charges, for a total of twelve years. Defendant did not file a direct appeal from this judgment.

{¶ 3} On August 5, 2009, Defendant filed a motion to modify sentencing, arguing that his kidnapping sentence should run concurrently with, rather than consecutive to, his felonious assault sentences, and that his felonious assault and kidnapping charges should have been merged for purposes of sentencing. After considering Defendant's motion as a motion for judicial release, motion for post conviction relief, and a motion to vacate plea, the trial court denied the motion. Defendant did not file a direct appeal from this order.

{¶ 4} On March 8, 2011, Defendant filed his "Motion to Correct Void Judgment or Sentence." In his motion, Defendant argued that the trial court erred by not merging his kidnapping charge with the felonious assault charges because they were allied offenses of similar import, relying on the Supreme Court's recent decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. On April 18, 2011, the trial court denied Defendant's motion, finding that the arguments raised are barred by the doctrine of res judicata. Defendant filed a notice of appeal from that order.

FIRST ASSIGNMENT OF ERROR

{¶ 5} "SHOULD KIDNAPPING AND FELONIOUS ASSAULT BE MERGED AS ALLIED OFFENSES WHEN THERE IS NOT A SEPARATE ANIMUS FOR EACH CRIME, AS THE KIDNAPPING CHARGE WAS INHERENT WITHIN THE FELONIOUS ASSAULT CHARGE IN THIS INSTANT CASE."

SECOND ASSIGNMENT OF ERROR

{¶ 6} "CONSTITUTIONAL VIOLATIONS CAN NOT BE BARRED FROM REVIEW OR REVERSAL BASED ON THE DOCTRINE OF RES JUDICATA WHEN THE STANDARD OF LAW DURING THE FIRST PRESENTMENT OF THE CLAIM BY THE DEFENDANT DID NOT SUPPORT A REVERSAL IN HIS CASE, AND UNTIL THE EXTRAORDINARY CIRCUMSTANCES WITH THE RULING OF LAW IN ANOTHER CASE CHANGED THE STANDARD OF LAW THAT UPHELD THE ORIGINAL CONVICTION OF THE DEFENDANT."

{¶ 7} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus. As the trial court explained, the doctrine of res judicata, if applicable, bars the arguments raised in Defendant's motion.

{¶ 8} Defendant argues that the trial court's judgment and his resulting sentence are void. Under Ohio law, "a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 233, ¶ 8. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or

erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Moreover, "defendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

{¶ 9} The claims raised in Defendant's motion to correct void judgment or sentence demonstrate that, at most, his claim is that his sentence is voidable. Defendant does not claim that his sentence is not in conformity with statutorily mandated terms, or is not provided for by law, or even that the sentence fails to comply with the formal requirements of R.C. 2941.25. To the extent that the trial court may have erred at the time of sentencing in finding that the felonious assault and kidnapping charges were not allied offenses of similar import, Defendant's sentence would be voidable, but in no way is the sentence illegal so as to render it void.

{¶ 10} Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal. *Simpkins*, at ¶ 30. Since Defendant's sentence, assuming his allied offense argument had merit, would be voidable, he is barred by the doctrine of res judicata from challenging his sentence on those grounds collaterally through his "Motion to Correct Void Judgment or Sentence." *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10-11 ("allied-offense claims are nonjurisdictional," and, thus, barred by the doctrine of res judicata where they were raised, or could have been raised, on direct appeal).

{¶ 11} Further, as the State argues in its brief, Defendant cannot rely on the Supreme Court's recent decision in *Johnson* because "[a] new judicial ruling may be applied only to

cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." (Citations omitted.) *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6.

**{¶ 12}** The assignments of error are overruled.   The judgment of the trial court will be affirmed.


FROELICH, J., And HALL, J., concur.


Copies mailed to:

Carley J. Ingram, Esq.
James T. Parson
Hon. Mary Wiseman