[Cite as *State v. Pound*, 2012-Ohio-3392.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee              :       C.A. CASE NOS. 24789/24980

vs.                                    :       T.C. CASE NO. 96CR3873/3

NICKEY L. POUND, SR.                   :       (Criminal Appeal from
                                                Common Pleas Court)

     Defendant-Appellant             :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 27th day of July, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; Michele D. Phipps, Asst. Pros. Attorney, Atty. Reg. No. 0069829, P.O. Box 972, Dayton, OH   45422
     Attorneys for Plaintiff-Appellee

Nickey L. Pound, Sr., #350-806, L.E.C.I., P.O. Box 56, Lebanon, OH 45036
     Defendant-Appellant, Pro se

· · · · · · · · ·

CANNON, J., sitting by assignment:

{¶ 1}   Appellant, Nickey Lee Pound, Sr., a.k.a. "Dog," appeals the judgment of the Montgomery County Court of Common Pleas denying his petitions for postconviction relief. For the reasons that follow, the judgment is affirmed.

**{¶ 2}** On August 29, 1997, Pound was convicted, after trial by jury, of aggravated murder, attempted murder, felonious assault, improperly discharging a firearm at or into an occupied structure, having weapons while under disability, and multiple firearm specifications. The trial court sentenced Pound to consecutive sentences as follows: 20 years to life imprisonment for aggravated murder, nine years for attempted murder, seven years for felonious assault, four years for improperly discharging a firearm at or into a habitation, and three years for merged firearm specifications. The trial court additionally sentenced Pound to a concurrent term of 11 months for having weapons while under disability.

**{¶ 3}** This court affirmed Pound's conviction in *State v. Pound*, 2d Dist. Montgomery No. 16834, 1998 WL 636996 (Sept. 18, 1998). Shortly thereafter, Pound filed a petition to vacate his sentence, which was construed as a postconviction relief petition. Pound argued that new evidence surfaced indicating that a witness, Elvis Wooliver, committed perjury at his trial. He also argued that he had received ineffective assistance of counsel. The trial court denied the petition.

**{¶ 4}** In 2008, Pound again filed a motion to vacate his sentence on the ground that Wooliver committed perjury at his trial. The motion, construed as a postconviction relief petition, was again denied. In 2009, Pound filed his third petition, again alleging that Wooliver committed perjury at his trial. In 2011, Pound filed his fourth petition, advancing the same argument as his previous petitions.

**{¶ 5}** In two August 2011 entries, the trial court denied Pound's 2009 and 2011 petitions. Pound, pro se, now timely appeals from these denials and asserts three assignments

of error for consideration by this court. This court, sua sponte, consolidated the respective appeals. Pound's first and second assignments of error state:

> [1.] The trial court erred when it allowed a conviction to stand in a post conviction proceeding when that conviction was proven to have been obtained through the use of known perjured testimony of which clearly affected the jury's verdict. The trial court did not afford the multiple affidavits and evidence the deference it was due them [sic] and all of this violated the appellant's constitutional right to a fair trial and the due process of law under the 5th and 14th Amendments of the U.S. Constitution and Section 16, Article 1 of the Ohio Constitution.

> [2.] The trial court erred in not conducting a hearing on this appellant's petition after a substantial showing was made of both constitutional error and the unavoidable delay which is enhanced by the fact that the court considered one petition for over three years. All of which denied this appellant his constitutional right to a fair trial and the due process of law guaranteed him [sic] by the 5th and 14th Amendments of the U.S. Constitution and Section 16, Article 1 of the Ohio Constitution.

{¶ 6} Pound, in his first and second assignments of error, argues the trial court erred in denying his petitions and in not conducting any hearings on the petitions. Through the years, Pound has amassed five affidavits from persons claiming that a witness at his trial, Elvis Wooliver, committed perjury by lying on the witness stand during Pound's jury trial. It is clear that Pound believes he did not get a fair trial and was convicted upon false testimony.

**{¶ 7}** Initially, it must be noted that a postconviction proceeding is a collateral civil attack on a criminal judgment. *State v. Dudley*, 2d Dist. Montgomery No. 23613, 2010-Ohio-4152, ¶ 30, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67. It is therefore not an appeal of a criminal conviction. *Id.* Consequently, post-conviction relief is not a constitutional right, but instead is afforded to a convicted defendant as a statutory remedy. *Id.*, citing *State v. Moore*, 99 Ohio App.3d 748, 751, 651 N.E.2d 1319 (1st Dist. 1994).

**{¶ 8}** Moreover, postconviction relief is a particularly narrow remedy because the doctrine of res judicata bars "any claim that was or could have been raised at trial or on direct appeal." *Id.*

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except in an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

**{¶ 9}** Here, the trial court, in denying Pound's petition, echoed its 1999 decision denying his first petition. The trial court concluded that Pound's claim regarding perjured testimony was barred by res judicata. The trial court correctly explained that this was a matter that could have and should have been raised in Pound's direct appeal. Indeed, Pound acknowledges in his merit brief that the issue of perjured testimony was raised during his trial

in chambers. A review of the record confirms that this issue was raised in chambers with Pound's counsel present. Thus, Pound could have raised this issue in his direct appeal. To a certain extent, the perjured-testimony issue was raised on direct appeal by attacking the credibility and reliability of Wooliver's testimony under manifest weight and jury instruction arguments.

{¶ 10} Additionally, Pound could have appealed the trial court's 1999 judgment, which denied his first petition concerning Wooliver's alleged perjured testimony. The record indicates Pound failed to do so. Pound cannot now collaterally attack non-constitutional evidentiary issues from his original trial through a postconviction petition. Further, Pound cannot now attack the denial of a previous postconviction petition by filing additional postconviction petitions which argue the same issue. Even if the same argument could be considered, Pound's second, third, and fourth petitions were each procedurally barred as untimely under R.C. 2953.21(A)(2), as the trial court concluded in its March 3, 2010 entry. The record indicates that Pound likewise failed to appeal this judgment.

{¶ 11} Pound's first and second assignments of error are without merit.

{¶ 12} Pound's third assignment of error states:

This appellant's sentence is void as a matter of law as it does not comport with all mandatory sentencing provisions. This appellant's separate sentences are for offenses that arose from the same conduct and were committed with a single action and amicus [sic] and as such should have been merged for sentencing purposes under [R.C.] 2941.25. The failure to do so

violates the appellant's rights under the 5th and 14th Amendments of the U.S. Constitution and Sections 10 and 16, Article 1 of the Ohio Constitution.

{¶ 13} In his third assignment of error, appellant argues that his sentence is void because many of his offenses should have merged for the purposes of sentencing, pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶ 14} As explained above, any issues that could have been raised by a defendant on direct appeal are barred by res judicata and not subject to appellate review. However, Pound argues that his sentences are void and therefore *not* precluded from review by principles of res judicata. While Pound correctly notes that the doctrine of res judicata does not preclude review of a void sentence, this court has previously held the failure to merge sentences does not render a judgment void, but *voidable*; therefore, such challenges, if not raised on direct appeal, are barred by the doctrine of res judicata. *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 10. Thus, when an appellant does not raise the issue of merger in a timely direct appeal, the challenge is barred by the doctrine of res judicata. *State v. Martin*, Montgomery 2d Dist. No. 21697, 2007-Ohio-3585, ¶ 3. *See also State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13 ("the time to challenge a conviction based on allied offenses is through a direct appeal—not a resentencing hearing"); and *State v. Goldsmith*, 8th Dist. Cuyahoga No. 95073, 2011-Ohio-840, ¶ 11 ("[b]ecause [appellant] failed to raise on direct appeal from his conviction the issue concerning whether the offenses challenged herein are allied offenses of similar import subject to merger, we find that the issue is barred by the doctrine of res judicata").

{¶ 15} Pound is attempting to use the denials of his petitions to raise issues that could and should have been raised on a direct appeal. Pound's direct appeal was initiated in 1998. At that point, Pound had the opportunity to timely raise any prospective errors in his sentencing. He failed to do so.

{¶ 16} Further, as this court explained in *Parson*, an appellant seeking to challenge his pre-*Johnson* sentencing on the grounds of merger cannot rely on *Johnson* "because '[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e. where the accused has exhausted all of his appellate remedies.'" *Parson*, 2012-Ohio-730, ¶ 11, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6.

{¶ 17} Pound's third assignment of error is without merit.

{¶ 18} The judgment of the Montgomery County Court of Common Pleas is hereby affirmed.

FAIN, J., And FROELICH, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

**Copies mailed to:**

**Michele D. Phipps, Esq.**
**Nickey L. Pound, Sr.**
**Hon. Timothy N. O'Connell**