[Cite as *State v. Rachel*, 2014-Ohio-2891.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0123** |
| DANIEL J. RACHEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 06 CR 755.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Daniel J. Rachel*, pro se, PID: A530216, Marion Correctional Institution, P.O. Box 57, Marion, OH 43302 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Daniel J. Rachel, appeals the judgment of the Trumbull County Court of Common Pleas denying his pro se motion to correct sentence. For the reasons that follow, the judgment is affirmed.

{¶2} Appellant's indictment stemmed from a home invasion on October 26, 2006, whereby appellant and another man entered the home of a 72-year-old woman without permission. When the elderly woman attempted to run for her safety, appellant

and the other man grabbed her, duct-taped her, and demanded money. The elderly woman's son caught the intruders in the act and stabbed the offenders with a pocket knife; appellant's co-defendant struck the son in the head with a metal object. Meanwhile, the elderly woman was able to free herself from the duct tape and then chased appellant's co-defendant with a broom. The two men fled. The two victims suffered broken bones in the attack.

{¶3} Appellant was indicted as follows. Counts 1 and 2: felonious assault in violation of R.C. 2903.11(A)(2)&(D), felonies of the second degree; Count 3: aggravated burglary, in violation of R.C. 2911.11(A)(1)&(B), a felony of the first degree; Count 4: kidnapping, in violation of R.C. 2905.01(A)(2)&(C), a felony of the first degree; and Count 5: aggravated robbery, in violation of R.C. 2911.01(A)(2)&(C), a felony of the first degree.

{¶4} Appellant entered a plea of guilty to the indictment on May 17, 2007, and subsequently waived a pre-sentence investigation. Appellant was sentenced to six years in prison on Counts 1, 2, and 3 to be served concurrently with each other; five years in prison on Count 4 to be served consecutively to the first three counts; and five years in prison on Count 5 to be served consecutively to the prison term imposed on Count 4—for an aggregate prison term of 16 years.

{¶5} In 2011, appellant filed a motion for leave to file a delayed appeal, which was denied by this court. In our decision, we stated that appellant was "not diligent in taking the proper steps to protect his own rights," given that "over four years had elapsed between the time that appellant was sentenced until the filing of his motion for delayed appeal and notice of appeal[.]" *State v. Rachel*, 11th Dist. Trumbull No. 2011-

2

T-0068, 2011-Ohio-6694. Appellant thereafter filed a pro se "motion to correct sentence not authorized by law," which was denied by the trial court, and is the subject of this appeal.

{¶6} Appellant filed a notice of appeal and assigns the following error:

> The Trial Court abused its discretion when it committed plain error by failing to complete its determination of allied offenses and merge Mr. Rachel's facially evident counts of allied offenses, after merging some of the allied counts, in violation of Defendant's rights to double jeopardy protection, due process and equal protection pursuant to; R.C. 2941.25; Ohio Constitution, Article I, §10 & §16; Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

{¶7} On appeal, appellant contends the trial court erred in failing to merge Count 4, kidnapping, and Count 5, aggravated robbery. Appellant argues that the trial court failed to inquire or address whether Counts 4 and 5 were allied offenses.

{¶8} R.C. 2941.25(A) codifies the doctrine of merger, explaining that, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶9} R.C. 2941.25(B) provides the converse:

> Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court set forth the current standard for determining whether merger is apposite, holding that, "[w]hen determining whether two offenses are allied offenses of

3

similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. In making such a determination, a court must consider whether it is possible to commit the offenses by the same conduct and, if so, whether the offenses were, in fact, committed by the same conduct: i.e., "'a single act committed with a single state of mind.'" *Id.* at ¶49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶50 (Lanzinger, J., concurring in judgment only). If both questions are answered affirmatively, merger is appropriate. The results of the analysis will vary by case, as the examination of the defendant's conduct is necessarily non-formulaic and inherently subjective. *Id.* at ¶52.

{¶11} Although on appeal appellant does not cite to *Johnson*, he is trying to avail himself of a retroactive application of the analysis espoused in *Johnson*. However, appellant was sentenced prior to the Supreme Court of Ohio's decision in *Johnson*. As the Second Appellate District explained, an appellant seeking to challenge his pre-*Johnson* sentencing on the grounds of merger cannot rely on *Johnson*, "because '[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e. where the accused has exhausted all of his appellate remedies.'" *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶11, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶6.

{¶12} Additionally, this court has continually held that when an appellant does not raise the issue of allied offenses of similar import in a timely direct appeal, the challenge is barred by the doctrine of res judicata. *State v. Dukes*, 11th Dist. Portage Nos. 2011-P-0098 & 2011-P-0099, 2012-Ohio-3033, ¶9; *State v. Cioffi*, 11th Dist.

4

Trumbull Nos. 2011-T-0072 & 2011-T-0073, 2012-Ohio-299, ¶14; *State v. Britta*, 11th Dist. Trumbull No. 2011-L-041, 2011-Ohio-6096, ¶17-18; *State v. Hobbs*, 11th Dist. Lake No. 2010-L-064, 2011-Ohio-1298, ¶43. "[A]ny issues that were raised or could have been raised by a defendant at the trial court level or on direct appeal are res judicata and not subject to review in subsequent proceedings." *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511, ¶36, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. As appellant did not raise the issue of merger in a timely direct appeal, the argument is barred by res judicata.

{¶13} In his appellate brief, appellant also argues that his trial counsel was ineffective, as his trial counsel "induced" him to accept a plea agreement by promising him a five- to eight-year term of incarceration. To bolster his ineffective assistance of counsel argument, appellant attached to his appellate brief a letter, dehors the record, penned by his trial counsel to the prosecuting attorney stating that appellant "would be willing to plead guilty in exchange for a sentence of five to eight years."

{¶14} "A reviewing court cannot add matter to the record before it, which was not a part of the trial court proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Even if this court could consider this letter attached to appellant's brief, it does not support appellant's argument on appeal that he was induced to enter a plea of guilty.

{¶15} The record reflects a colloquy between appellant and the trial court whereby appellant stated that despite not receiving a lesser term of imprisonment, he was satisfied with his trial counsel. The record indicates that appellant was aware that in exchange for a guilty plea, he would receive a 16-year term of incarceration.

5

Appellant signed the "Finding of Guilty Plea to the Indictment" which enumerated the potential sentences for felonies of the first and second degree; the potential penalties were also espoused from the bench. Further, the written agreement, signed by appellant, explicitly states that appellant understood that the trial court would impose consecutive sentences; that the agreement reflected the entire agreement between appellant and the state of Ohio; and that no promises or representation had been made to appellant. The written agreement also explicitly states the following:

> State and Defendant agree to a recommended prison sentence of six (6) years on each count for Counts 1, 2 & 3 to be served concurrently to each other. A prison term of five (5) years on Count 4 to be served consecutively to sentences in Counts 1, 2 & 3, and prison term of five (5) years on Count 5, to be served consecutively to sentence imposed on Count 4, for an aggregate prison term of 16 years.

{¶16} Appellant's assignment of error is without merit.

{¶17} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.

COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

6