[Cite as *State v. Johnson*, 2015-Ohio-347.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26323 |
| | : | |
| v. | : | T.C. NO. 10CR1201/2 |
| | : | |
| WILLIAM A. JOHNSON | : | (Criminal appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___30th___ day of ____January____, 2015.

. . . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

WILLIAM A. JOHNSON, 636176, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
     Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1}  William Johnson appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his "motion to correct and vacate illegal convictions and sentences and to make a determination if allied offenses of similar import exist pursuant to Ohio Revised Code 2941.25."   For the following reasons, the trial court's judgment will

be affirmed.

{¶ 2}  In May 2010, Johnson was indicted on two counts of aggravated robbery with firearm specifications, four counts of kidnapping with firearm specifications, and one count of tampering with evidence.   One aggravated robbery charge and two of the kidnapping charges related to the robbery of Third Base Drive Thru on January 2, 2010; the additional charges related to an April 14, 2010 robbery of the same business. Johnson pled guilty to all counts and specifications.

{¶ 3}  On August 18, 2010, the trial court sentenced Johnson to four years for each of the aggravated robberies, to be served consecutively; to three years for each kidnapping, to be served concurrently; and to five years for tampering with evidence, to be served concurrently.   In addition, the six firearm specifications were merged into two specifications for the two aggravated robberies, and the court imposed an additional three years for both remaining specifications, to be served consecutively.   Johnson's aggregate sentence was fourteen years in prison.

{¶ 4}  Johnson timely appealed from his convictions.   *State v. Johnson*, 2d Dist. Montgomery No. 24260.   However, Johnson failed to file a written transcript and an appellate brief.   In March 2011, after notice to Johnson, we dismissed his direct appeal.

{¶ 5}  On April 26, 2011, Johnson filed a petition for post-conviction relief.   The State moved for summary judgment on Johnson's petition, which the trial court granted. We affirmed.   *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542.

{¶ 6}  On June 17, 2014, Johnson filed the instant motion, arguing that his convictions and sentences should be vacated because the trial court failed to consider whether his offenses were allied offenses of similar import.   The trial court denied his

motion, reasoning that his claims could have been raised on direct appeal and were barred by res judicata.

{¶ 7} Johnson appeals from the denial of his motion. In his sole assignment of error, he states that "[i]t is the duty of the trial court to make a determination if allied offenses of similar import exist for the purpose of merger and constitutes plain error under Crim.R. 52(B)."

{¶ 8} Johnson claims that the trial court erred in failing to determine at sentencing whether his offenses were allied offenses of similar import. He argues that the kidnappings were incidental to the robberies, and therefore those offenses should have merged. He further claims that the robberies on January 2, 2010 and April 14, 2010 should have been considered one robbery, because he "could not get all of the property he intended to" steal on January 2 and went back to Third Base Drive Thru on April 14 to "continue the robbery." Johnson analogizes his situation to a professional baseball game that is suspended and completed at a later date.

{¶ 9} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction. *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 10} The failure to merge allied offenses does not render a judgment void, but voidable. *See State v. Pound*, 2d Dist. Montgomery No. 24980, 2012-Ohio-3392, ¶ 14,

citing *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 10. Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal. *Id.* Here, Johnson filed a direct appeal and he could have raised the trial court's failure to merge allied offenses of similar import, but Johnson failed to file a brief and his direct appeal was dismissed. Res judicata bars him from raising the issue of allied offenses now.

{¶ 11} Even if we were to consider the issue of merger, the record does not reflect that the trial court committed plain error in failing to merge his offenses. Ohio's allied offense statute, R.C. 2941.25, provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 12} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus. The Ohio Supreme Court explained:

\* \* \* [T]he question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. \* \* \* If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." \* \* \*

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations and quotations omitted.) *Johnson* at ¶ 48-51.

{¶ 13} Based on the record before us, we would not find that the trial court committed plain error in failing to merge the January and April offenses. Johnson completed a robbery of the Third Base Drive Thru on January 2, 2010. Johnson may have been motivated to conduct another robbery of the same location due to his inability to gather everything he wanted to steal the first time, but the second robbery was a separate and distinct act, which occurred several months later. We also note that two employees (kidnapping victims) were present at each robbery, but only one employee

was present for both of the robberies; the second employee differed. The offenses from January 2, 2010 were not allied offenses of the April 14, 2010 offenses.

{¶ 14} In addition, from the record before us, we cannot find that the kidnapping offenses should have merged with the aggravated robbery offenses. The Ohio Supreme Court has recognized that the commission of aggravated robbery necessarily involves the restraint of the victim. *See State v. Jenkins*, 15 Ohio St.3d 164, 198, 473 N.E.2d 264 (1984), fn. 29 (kidnapping is implicit within every aggravated robbery); *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 52. However, aggravated robbery and kidnapping are not always allied offenses of similar import. *Rucker* at ¶ 52. A separate animus for kidnapping exists where (1) "the restraint is prolonged, the confinement is secretive, or the movement is so substantial as to demonstrate a significance independent of the other offense," or (2) "the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime." *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), syllabus. Because Johnson pled guilty to the charges, there was no trial to flesh out the details of the robberies, and we cannot discern from the record whether Johnson's actions (or that of his accomplice) reflected a separate animus for the kidnappings. Accordingly, even if the issue were properly before us, we would find that Johnson's argument lacked merit.

{¶ 15} Johnson's assignment of error is overruled.

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
William A. Johnson
Hon. Mary Katherine Huffman