[Cite as *State v. Leggett*, 2015-Ohio-3296.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                            Court of Appeals No. WM-14-004

    Appellee                                          Trial Court No. 96 CR 032

v.

Jonathan D. Leggett                                **DECISION AND JUDGMENT**

    Appellant                                          Decided:  August 14, 2015

* * * * *

Kirk Yosick, Williams County Prosecuting Attorney, and
Katherine Zartman, Assistant Prosecuting Attorney, for appellee.

Clayton M. Gerbitz, for appellant.

Jonathan D. Leggett, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Williams County Court of

Common Pleas, in which appellant, Jonathan Leggett, was classified as a "sexual

predator" pursuant to former R.C. 2950.09, otherwise known as Megan's Law.  This case

began in February 1992 when a two-year-old female child died in appellant's care. Appellant was living with the child because her mother, appellant's girlfriend, was serving a jail sentence. An autopsy performed on the child showed both physical and sexual abuse. The coroner concluded that the likely cause of the victim's death was a blow to her abdomen that caused massive internal bleeding.

{¶ 2} On March 18, 1992, appellant was indicted on two counts of endangering children and one count of involuntary manslaughter. On June 29, 1992, appellant entered an *Alford* plea to one count of endangering children, in exchange for the dismissal of the other two counts. At the plea hearing, the prosecutor explained that:

The plea does not prevent further prosecution of the defendant for any other charge, including, but not limited to, rape, murder or manslaughter where the defendant was a principal or an aider or abettor. It should also include aggravated murder, your honor.

{¶ 3} The trial court accepted the plea, finding appellant guilty of one count of child endangerment and dismissing the remaining two counts with prejudice. The decision to accept a plea was based, at least in part, on the fact that DNA testing performed at the time on samples obtained by police and during the autopsy partially excluded appellant as the perpetrator of the abuse.

{¶ 4} On March 27, 1996, based on newly obtained evidence as a result of improved methods of DNA testing, the state filed a new two-count indictment, charging appellant with rape and involuntary manslaughter. Appellant filed a motion to dismiss

2.

the indictment on grounds of double jeopardy. After holding a hearing, the trial court dismissed the charge of involuntary manslaughter, but refused to dismiss the rape charge. The state appealed the trial court's decision, in which it argued that appellant voluntarily, knowingly and intelligently waived his right to raise a double jeopardy claim. This court agreed, and reversed the trial court's judgment. *State v. Leggett*, 6th Dist. Williams No. WM-96-015, 1997 WL 28417 (Jan. 24, 1997). ("*Leggett* I.")

{¶ 5} On August 11, 1997, appellant filed another motion to dismiss, in which he claimed that his constitutional rights to a speedy trial and due process were violated. An evidentiary hearing was held pursuant to the second motion to dismiss on August 28, 1997. On October 22, 1997, the trial court found that there was an "unjustified delay" in bringing appellant to trial which, coupled with "deficits" in the chain of custody of the evidence used for DNA testing, resulted in a violation of appellant's constitutional rights. Accordingly, the trial court dismissed the indictment. The state appealed, and this court subsequently reversed the trial court's judgment and remanded the case for a jury trial. *State v. Leggett*, 6th Dist. Williams No. WM-97-029, 1998 WL 614553 (Sept. 4, 1998). ("*Leggett* II.") Appellant appealed our decision to the Supreme Court of Ohio, which declined to accept jurisdiction. *State v. Leggett,* 84 Ohio St.3d 1470, 704 N.E.2d 578 (1999).

{¶ 6} On March 6, 2000, a jury found appellant guilty of both charges. On March 10, 2000, appellant was sentenced to life in prison for rape, and 10 to 25 years for involuntary manslaughter. The sentences were made consecutive to each other and also

3.

consecutive to the sentence appellant was serving at that time. Appellant appealed his conviction and sentence to this court,[1] which affirmed the jury's verdict. *State v. Leggett*, 6th Dist. Williams No. WM-00-003, 2002 WL 199186 (Feb. 8, 2002). ("*Leggett III.*") He then appealed our decision to the Supreme Court of Ohio, which again declined to accept jurisdiction. *State v. Leggett*, 95 Ohio St.3d 1475, 2002-Ohio-2444, 768 N.E.2d 1183.

{¶ 7} On October 29, 2004, appellant filed a motion for post-judgment DNA testing, which was granted by the trial court. Those DNA test results were reported to the trial court on September 27, 2007. On August 24, 2012, appellant filed a motion to modify his sentence, which the trial court denied on August 28, 2012. Appellant filed a notice of appeal from that decision on October 2, 2012, which this court dismissed as improperly filed.

{¶ 8} On June 17, 2014, a sex offender classification hearing was held and, on June 22, 2014, the trial court classified appellant as a "sexual predator" pursuant to the version of R.C. 2950.09 that was in effect at the time of the offense. On July 28, 2014, the trial court journalized an order requiring appellant to comply with "all requirements for [his] lifetime, including the duty to register every 90 days as a sex offender for the rest of his life." Appellant filed a timely notice of appeal from the trial court's order in

---

[1] The issues raised in the appeal of appellant's conviction and sentence will be discussed later in this decision, as they become relevant to the issues raised in this appeal.

4.

this court on August 14, 2014.[2]  The trial court found appellant to be indigent and appointed counsel to represent him on appeal.

{¶ 9} Appointed appellate counsel has submitted a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  In support of his request to withdraw, counsel states that he reviewed the record of proceedings in the trial court and "has researched applicable case law and has not found a meritorious issue that he can appeal."  Nevertheless, counsel has proposed the following questions for our review:

> I.  The classification of appellant as a sexual predator violates the prohibition against ex post facto laws contained in Section 10, Article I of the United States Constitution and the prohibition against retroactive laws contained in Section 28, Article II of the Ohio Constitution.

> II.  The trial court's classification of appellant as a sexual predator by clear and convincing evidence was not supported by competent, credible evidence.

---

[2] In addition to his state appeals, appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254, in the United States District Court for the Northern District of Ohio, Eastern Division.  Appellant asserted in his petition that his case should be remanded for resentencing pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.  On August 21, 2014, the federal court dismissed appellant's petition.  *Leggett v. Timmerman-Cooper*, N.D.Ohio No. 3:14 CV 599, 2014 WL 4183181 (Aug. 21, 2014).

{¶ 10} In addition to resubmitting the two assignments of error proposed by his appointed counsel, appellant has submitted the following six additional proposed assignments of error:

Assignment of Error Three:

The trial court erred when it applied Johnson, supra. [sic] and his prior juvenile record in their decision regarding his sexual classification.

Assignment of Error Four:

The trial court erred when it allowed the Montpelier Police Department to use evidence already submitted as new evidence in bad faith.

Assignment of Error Five:

The trial court erred when it allowed the DNA evidence to be tested without his knowledge.

Assignment of Error Six:

The trial court erred when it failed to conduct a de novo resentencing, and [by] not conducting a merger analysis under State of Ohio v. Johnson, 128 Ohio St.3d 153, 2010 Ohio 6314 (2010), which did not create a new law, but clarified section 2941.25 of the Ohio Revised code as it exists at the present time, and as it did exist at the time that the appellant was originally sentenced in his case.

Assignment of Error Seven:

A waiver of the protections of the double jeopardy claused [sic] of the United States Constitution and the Ohio Constitution is disfavored, and a court may not presume or infer a waiver, but it must be clear and specific.

Assignment of Error Eight:

Appellant's conviction is against the manifest weight of evidence and is supported by insufficient evidence as it violates the "physical facts of rule" [sic] of McDonald v. Ford Motor Co. (1975), 42 Ohio St.2d 8.

{¶ 11} *Anders, supra*, and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she should so advise the court and request permission to withdraw. *Anders* at 744. The request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish his or her client with a copy of the brief and a request to withdraw and allow the client sufficient time to raise any matters that he chooses. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's

7.

request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 12} The record shows that appointed counsel has satisfied the requirements set forth in *Anders*. As set forth above, appellant has filed his own brief in which he has raised additional matters for our consideration. Accordingly, we will address the two potential arguments presented by appellate counsel and appellant together, followed by the six additional potential arguments presented by appellant, in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 13} In their first potential assignment of error, appellant and counsel assert that appellant was improperly classified as a Tier III sex offender pursuant to former R.C. 2950.09, Ohio's version of the federal statute known as Megan's Law, 42 U.S.C. 14071, which was enacted subsequent to appellant's conviction in 1992. In support, they argue that Megan's Law was repealed and replaced by Ohio's version of the federal Adam Walsh Act, 42 U.S.C. 16901 et seq., R.C. Chapter 2950 ("AWA") in 2007. They further argue that the Ohio Supreme Court has held that the AWA is unconstitutional to the extent that it punishes offenders who committed sex offenses prior to its enactment. *See State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 24-28. Accordingly, appellant and appellate counsel assert that, arguably, Megan's Law is unconstitutional as applied to appellant in this case. We disagree.

{¶ 14} After considering whether Megan's Law can be applied retroactively, the Supreme Court of Ohio held that:

8.

R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.

[Further, we hold that] R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the *Ex Post Facto* Clause of Section 10, Article I of the United States Constitution. *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998), paragraphs one and two of the syllabus.

{¶ 15} As stated above, Megan's Law was later repealed and replaced by the AWA. Appellant and appellate counsel correctly state that, in *Bodyke*, the Ohio Supreme Court held that certain provisions of the AWA, R.C. 2950.31 and 2950.032, are unconstitutional because they "require the attorney general to reclassify sex offenders who have already been classified by court order under [Megan's Law], impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine." *Bodyke, supra*, at ¶ 60. Later, the interaction between the AWA and offenders classified under Megan's Law was clarified when the Ohio Supreme Court held that:

In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 * * * this court ordered that the provisions of Megan's Law would apply to defendants who committed their offenses before the enactment date of the AWA. In another case * * *, *In re Bruce S.*, 123

Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, this court clarified that only persons who commit their underlying crime on or after the *effective* date of the AWA – January 1, 2008 – are subject to the requirements of the AWA.

Therefore, Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offense. Those who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA. State v. Howard, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 17.

{¶ 16} On consideration of the foregoing, we find that Megan's Law can be applied retroactively. Appellant's and counsel's first potential assignment of error is, therefore, not well-taken.

{¶ 17} In their second potential assignment of error, appellant and appellate counsel assert that appellant's classification as a sexual predator was not supported by competent, credible evidence. In support, appellant and counsel argue that appellant had no prior or subsequent sexually oriented offenses other than the instant offense, and he has completed "programs and education" while incarcerated.

{¶ 18} A sex offender classification hearing was held on June 17, 2014. Testimony was presented at the hearing by the prosecutor and appellant, after which the trial court took the matter under advisement. On July 22, 2014, the trial court issued a

10.

decision and judgment entry, in which it recited appellant's criminal history, including the "sexually oriented offenses" charged in this case. The trial court then stated that, in reviewing the statutory factors to be considered pursuant to R.C. 2950.09(B), it considered:

> (1) trial testimony of witnesses and the pleading filed in the case (including Decision and Judgment Entries from the 6th District Court of Appeals on multiple appeals filed by this defendant), (2) the documentary evidence presented in the case, (3) the defendant's sworn testimony at the classification hearing, (4) all pre-sentence investigation reports, (5) the arguments of counsel, and (6) the statutory factors listed above and found in R.C. 2950.09(B)(3)(a) through (j).

{¶ 19} Thereafter, the trial court stated that it considered the presentence investigation report which states that appellant has a "lifetime of aberrant behavior and little remorse," his lengthy criminal history, the nature of his conduct with the two-year-old victim, his relationship to the victim who was in his custody at the time, the autopsy results showing sexual and physical abuse of the victim, appellant's differing statements regarding the cause of the victim's injuries, appellant's participation in self-improvement classes and religious activities while in prison, and appellant's statements that "he wishes he could change what happened," he would "substitute" his life for the victim's life if he could, and he wishes he could "undo" what was done. Based on those considerations, the trial court found that the record contained sufficient clear and convincing evidence that

appellant is "likely to engage in the future in one or more sexually oriented offenses." Accordingly, the trial court adjudicated appellant to be a sexual predator pursuant to R.C. 2950.09(B)(4). A further hearing was held on July 28, 2014, at which the trial court advised appellant of his registration requirements under Megan's Law.

{¶ 20} The Ohio Supreme Court has held that, before designating an offender as a sexual predator, the trial court must consider:

> all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C.

12.

2950.09(B)(2)(a) through (j).  *State v. Cook*, 83 Ohio St.3d 404, 407-708, 700 N.E.2d 570 (1998).

{¶ 21} Although the trial court is required to consider all of the relevant factors set forth above in making a sexual predator determination, it is not required to make "explicit findings regarding relevant factors."  *State v. Hardie*, 141 Ohio App.3d 1, 5, 749 N.E.2d 792 (4th Dist.2001).  Because the trial court may consider past behavior in determining a future propensity to commit offenses, a first-time offender may be designated as a sexual predator.  *Id.*  The trial court is "under no obligation to 'tally up' the R.C. 2950.09(B)(2) factors in any particular fashion."  *State v. Clutter*, 4th Dist. Washington No. 99CA19, 2000 WL 134730 (Jan. 28, 2000).  For that reason, an offender may be classified as a sexual predator if "only one or two statutory factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense."  *Hardie*, *supra*, at 5, citing *Clutter*, *supra*.  The conclusion by the trial court that an offender is a sexual predator must be supported by clear and convincing evidence.  R.C. 2950.09(B)(3).  The offender and the prosecutor may appeal as a matter of right the judge's determination regarding sexual predator status.  *Id.*

{¶ 22} This court has considered the entire record that was before the trial court and, on consideration thereof, finds that the record contains sufficient clear and convincing evidence to support the trial court's designation of appellant as a sexual

13.

predator. Appellant's and appellate counsel's second potential assignment of error is not well-taken.

{¶ 23} Having disposed of the two potential assignments of error raised by appellant and counsel, we will now address the six additional potential assignments of error raised solely by appellant.

{¶ 24} In his third potential assignment of error, appellant asserts that the trial court erred by refusing to allow him to argue that his sentences should have been merged pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, and for considering "his prior juvenile record" in classifying him as a sexual predator.

{¶ 25} As to appellant's first argument, in *State v. Johnson*,[3] the Ohio Supreme Court held that:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the

---

[3] We note that, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, __ N.E.3d__, which was decided after appellant filed his brief, the Ohio Supreme Court refined the merger analysis pursuant to R.C. 2941.25, without explicitly overruling *Johnson*. *See State v. Anthony*, 8th Dist. Cuyahoga No. 101847, 2015-Ohio-2267, ¶ 33. However, the issue now before this court is the trial court's refusal to apply *Johnson* retroactively. Accordingly, any change in substantive law regarding the merger of allied offenses is not relevant and will not be addressed in the context of this appeal.

14.

offenses are of similar import. * * * If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Johnson* at ¶ 48-51. (Emphasis original.)

{¶ 26} Appellant essentially argues to this court that, since Megan's Law may be applied retrospectively, he should be able to challenge his sentence under *Johnson.* However, in contrast to the decision in *Johnson*, Megan's Law was a statutory enactment, not a judicial ruling.

{¶ 27} As set forth above, appellant was convicted by a jury on March 6, 2000, and was sentenced on March 10, 2000, before *Johnson* was decided. Ohio courts have held that:

[A]n appellant seeking to challenge his *pre-Johnson* sentencing on the grounds of merger cannot rely on *Johnson* "because '[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final * * *.'" *State v. Strickland*, 11th Dist.

Trumbull No. 2012-T-0009, 2012-Ohio-5125, ¶ 10, quoting *State v.*

*Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 11.

(Additional citations omitted.)

{¶ 28} On further consideration, our review of the record does not demonstrate that the trial court overemphasized appellant's juvenile record in making its determination. Accordingly, neither of appellant's arguments has merit, and his third potential assignment of error is not well-taken.

{¶ 29} Appellant argues in his fourth assignment of error that the trial court erred when it allowed DNA samples that were used in a prior proceeding to be retested without his permission. Appellant further argues that the retested evidence should not have been used to prosecute him for rape and involuntary manslaughter because the police erroneously told the grand jury that they had newly discovered evidence that identified appellant as the perpetrator. He also argues that the chain of custody of the tested samples was unreliable, and that initial DNA tests performed on the samples in 1992 "positively exonerates the appellant of this sexual assault and rape."

{¶ 30} Generally, any prior determination of an issue by a court of appeals is barred in further proceedings by res judicata. *See State v. White*, 2d Dist. Clark No. 2787, 1991 WL 229975 (Oct. 17, 1991). Similarly, any argument that could have been raised in a prior proceeding is deemed waived and is also barred by res judicata in subsequent proceedings. *Id.*

16.

{¶ 31} In *Leggett* II, we found that the manner in which DNA samples were handled by police did not constitute bad faith. That determination was made in response to appellant's argument that police improperly allowed all of the tested samples to be consumed, without preserving a portion for appellee's independent analysis. *Id.* We also held that the chain of custody in this case was not so flawed as to affect the admissibility of the DNA evidence. *Id.* Any argument as to how the police may have obtained samples on which to perform additional DNA testing in 1995 that could have been, but was not, raised in that appeal, is waived. Finally, this court previously recognized that the "new" DNA evidence used by the state at appellant's trial was the result of further testing pursuant to the terms of the plea. *Leggett* I, 6th Dist. Williams No. WM-96-015, 1997 WL 28417. For the foregoing reasons, appellant's fourth potential assignment of error is not well-taken.

{¶ 32} In his fifth potential assignment of error, appellant asserts that the state mishandled the DNA evidence that was taken from the victim, causing it to be consumed without notifying the defense, "thus denying his right to due process under the law." This error was raised and rejected in our prior decision. *Leggett* II, 6th Dist. Williams No. WM-97-029, 1998 WL 614553, *supra.* In addition, we held that DNA testing performed after our 1998 decision was not performed in bad faith, even though all of the tested samples were consumed in the process, because the evidence obtained was not exculpatory and was not destroyed in bad faith. *Leggett* III, 6th Dist. Williams No. WM-00-003, 2002 WL 199186, *supra*.

17.

{¶ 33} For the foregoing reasons, the issues raised in appellant's fifth potential assignment of error are not well-taken.

{¶ 34} In his sixth potential assignment of error, appellant asserts that the trial court erred by not conducting a de novo resentencing and by not analyzing whether his sentences for rape and involuntary manslaughter should be merged pursuant to *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. For the reasons set forth in our determination of appellant's third potential assignment of error, his sixth potential assignment of error is not well-taken.

{¶ 35} In his seventh potential assignment of error, appellant does not attack any of the trial court's decisions. Rather, he raises a double jeopardy claim as to Count 2 of the 1996 indictment, which charged him with involuntary manslaughter.

{¶ 36} This court previously concluded, based on our review of the record at that time, which included the transcript of appellant's *Alford* plea hearing, that appellant "voluntarily, knowingly and intelligently waived his right to raise a double jeopardy claim" as to Count 2 of the second indictment when he entered the plea. *Leggett* I, *supra*. Appellant appealed that decision to the Ohio Supreme Court, which declined to accept jurisdiction. *State v. Leggett*, 78 Ohio St.3d 1492, 678 N.E.2d 1228 (1997). Further, the issue before this court relates to appellant's classification as a sexual predator, not to his underlying conviction.

{¶ 37} On consideration, we find that the issue regarding double jeopardy either was, or could have been raised in previous appellate proceedings. Accordingly, it is

18.

barred from consideration in the context of this appeal by the doctrine of res judicata. *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995). Appellant's seventh potential assignment of error is not well-taken.

{¶ 38} In his eighth potential assignment of error, appellant asserts that his conviction was against the manifest weight of the evidence. In support, appellant states that he was positively excluded as the perpetrator of a sexual assault by the initial DNA tests. Therefore, pursuant to the "physical facts rule" set out in *McDonald v. Ford Motor Co.*, 42 Ohio St.2d 8, 326 N.E.2d 252 (1975), the prosecution should not have been allowed to present evidence that resulted from additional DNA testing at a later time. We disagree.

{¶ 39} *McDonald, supra*, was a products liability case in which the Ohio Supreme Court held that a jury should not be exposed to testimony at trial that is positively contradicted by conclusive physical evidence. *Id.* at 14. In this case, the state introduced new DNA test results, i.e., physical evidence that was more explicit than evidence obtained through testing techniques that existed when the crime was committed. Pursuant to the terms of appellant's plea bargain, the state was allowed to introduce such evidence. Accordingly, *McDonald* is not applicable to the facts of this case.

{¶ 40} Second, this court has already concluded that appellant's conviction by a jury was not against the manifest weight of the evidence. *Leggett* III, 6th Dist. Williams No. WM-00-003, 2002 WL 199186, *supra*. The issue is, therefore barred in this appeal

by the doctrine of res judicata. *State v. Houston, supra*. Appellant's eighth potential assignment of error is not well-taken.

{¶ 41} After engaging in a further independent review of the record, we find no meritorious issues to be raised on appeal. This appeal is therefore determined to be wholly frivolous. Appointed appellate counsel's request to withdraw is granted.

{¶ 42} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____
                                           JUDGE

Stephen A. Yarbrough, P.J.

                                          _____

James D. Jensen, J.                         JUDGE
CONCUR.

                                          _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.